NATCO PRODUCTS CORPORATION

v.

Patricia PICARD, et al.

No. 95–541–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 1996.

Mary Hope Peterson, Steven Rosenbaum, Providence.

Paul R. Sprague, Warwick.

## ORDER

This matter came before the Supreme Court for oral argument on December 4, 1996, pursuant to an order directing the defendants, Patricia Picard, in her capacity as Tax Assessor for the town of Coventry, Frank J. Iuliano, Joseph Farrell, Charles W. Lapointe, Charles P. Hayes, and Peter J. Hogan, in their capacity as members of the Board of Assessment Review of the town of Coventry, Rhode Island (defendants), to appear and show cause why the issues raised in their appeal should not be summarily decided. The defendants have appealed from a Superior Court order in favor of plaintiff, Natco Products Corporation (Natco), that reversed the decision of the Board of Assessment Review of the town of Coventry (Board of Review) which had upheld the decision of Coventry's Tax Assessor to assess a tax on the inventory of a warehouse owned by Natco.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown and therefore, the appeal will be decided at this time.

The deposition testimony of a Natco vice-president, Denis Leahy, revealed that Natco operates a business within the State of Rhode Island whereby it purchases unfinished, unsaleable material from three of the four original resilient floor covering manufacturers in the United States and, through a lengthy process, repairs the product into marketable goods that are ultimately available for sale to consumers. The town of Coventry assessed a tax on the inventory stored at Natco's Coventry warehouse, and Natco challenged the assessment on the grounds that it was a manufacturer whose inventory was exempt from taxation pursuant to G.L. § 44–3–3(20). The Board of Review rejected this argument and upheld the tax assessment. Natco then filed a complaint in Rhode Island Superior Court, and that court reversed the decision of the Board of Review.

The trial justice determined that Natco was a manufacturer as defined by § 44–3–3(20) because it "adapts, alters, and finishes a product that comes to them initially in an unsaleable state." Hence, the Court found that the inventory stored in Coventry was exempt from taxation. Moreover, the trial justice observed the decision of the Board of Review upholding the tax assessment was "silent as to how the Board reached its conclusions or what facts or absence of evidence they took into consideration in reaching their decision." The defendants appealed to the this court.

The defendants contended that Natco is not a manufacturer under the provisions of § 44–3–3(20)(i) because it does not transform raw materials into finished products for sale, but rather takes previously manufactured products and shapes and sizes the product for sale in Rhode Island.

Natco, to the contrary, argued that its operations fit squarely the definition of a manufacturer under § 44–3–3(20)(i) because Natco alters, adapts, and finishes defective products and transforms them into a marketable good. Natco also argued that its status as a manufacturer is affirmed by its listing in the Standard Industrial Index (Index), a national publication, as a manufacturer of linoleum, asphalted-felt base, and other hard surface floor coverings. By virtue of this listing, argued Natco, the company is a manufacturer pursuant to § 44–3–3(20)(iv). We agree with the position advanced by Natco.

Section 44–3–3(20), in pertinent part, reads:

"(i) * * * a person is deemed to be a manufacturer within a city or town within this state if that person uses any premises,

room, or place therein primarily for the purpose of transforming raw materials into a finished product for trade through any of the following operations: adapting, altering, finishing, making, and ornamenting;

(iv) * * * the term "manufacturer" shall also include persons who are principally engaged in any of the general activities respectively coded and listed as establishments engaged in manufacturing in the standard industrial classification manual prepared by the technical committee on industrial classification, office of statistical standards, executive office of the president, United States bureau of the budget * * *."

Our review of the record leads us to conclude that Natco satisfies the definition of manufacturer under § 44-3-3(20)(i). The testimony of Leahy described a lengthy process through which the unfinished product is adapted, altered and finished into a marketable good. In addition, we are of the opinion that Natco's listing in the Standard Industrial Index supports its claim that it is a manufacturer as defined by the clear and unambiguous language of § 44-3-3(20)(iv) wherein the Legislature stated its intent that the term "manufacturer" encompass those corporations listed in the Index.

Consequently, we hold that Natco is a manufacturer pursuant to §§ 44-3-3(20)(i) and 44-3-3(20)(iv), and therefore, its inventory located at its warehouse in Coventry is not subject to taxation.

For the foregoing reasons, the appeal is denied and dismissed and the order appealed from is affirmed. The papers in the case may be returned to the Superior Court.